IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILLY FAULK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-1117-MEF |
| | ) | [WO – Publish] |
| HUSQVARNA CONSUMER OUTDOOR | ) | |
| PRODUCTS N.A., INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on a December 28, 2011 Notice of Removal (Doc. # 1) filed by Defendant Husqvarna Consumer Outdoor Products N.A., Inc. ("Husqvarna") and a Motion to Remand (Doc. # 5) filed by Plaintiff Billy Faulk.  The issues having been fully briefed, and after careful consideration of the law and the arguments of counsel, the Court finds that Plaintiffs' motion to remand is due to be **DENIED**.

## I. BACKGROUND

On March 16, 2011, Plaintiff filed suit in the Circuit Court for Barbour County, Alabama, against Electrolux Home Products, Inc. ("Electrolux"), Bobby Daffin, and numerous fictitious defendants.  Husqvarna, as successor in interest to Electrolux, was substituted as defendant in the Second Amended Complaint.  Plaintiff's pleadings allege that he was injured while using an Electrolux-made lawn mower, which he had purchased from his first cousin, Bobby Daffin.  (Compl. ¶ 6; Daffin Dep. 25 (Doc. # 1-4).)  Prior to Plaintiff's purchase, however, Daffin had allegedly "removed the rear flap on the [lawn

mower] that covers the rear of the blade." (First Am. Compl. ¶ 8.)  As Plaintiff attempted to mow a hillside, the mower blade severed two of his toes.  Plaintiff's claims are for negligence and wantonness, as well as a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").  All three claims are asserted against both Husqvarna and Bobby Daffin.  Discovery, however, suggests that the rear flap did not contribute to Plaintiff's accident or injuries.  Indeed, Plaintiff's own expert testified at his deposition that he "[does not] believe [the presence or absence of the rear flap] would have affected the outcome of this particular accident.  The injury would have been either the same or equivalent." (Severt Dep. 131 (Doc. # 1-6).)

On September 19, 2011, the Circuit Court of Barbour County set the case for trial in early January, 2012.  (Doc. # 1-2, at 34.)  The court also set the case for a pretrial hearing on December 13, 2011, and ordered that the parties submit a proposed pretrial order, which was to include a set of trial contentions summarizing the respective cases of the parties.  As of December 28, 2011, the date Husqvarna removed the case to this Court, Plaintiff had not served Bobby Daffin, despite the fact that Daffin had appeared for a deposition at the offices of Plaintiff's counsel on November 28, 2011.  Husqvarna's attached Alacourt party detail summary reveals that Plaintiff last attempted service on Daffin in May of 2011.

In the Notice of Removal, Husqvarna alleges that Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction.  Husqvarna is alleged to be citizens of both Delaware and North Carolina.  *See* 28 U.S.C. § 1332(c)(1).  And although Bobby Daffin is a citizen of Alabama, Husqvarna contends that his citizenship should be disregarded for purposes of

diversity jurisdiction because he is fraudulently joined.  Husqvarna also alleges that the amount in controversy exceeds $75,000.

On January 24, 2012, within thirty days of removal, 28 U.S.C. § 1447(c), Plaintiff filed his motion to remand, alleging that the removal is both procedurally defective and that subject matter jurisdiction does not exist as a substantive matter.

## II.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Thus, with respect to cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

### III.  DISCUSSION

A.  **Abandonment and/or Lack of Good Faith Pursuit of Claims Against Bobby Daffin**

A party may abandon claims against a non-diverse defendant by never serving them with the lawsuit, thereby making a case removable.  *See Insigna v. LaBella*, 845 F.3d 249, 251 n.1 (11th Cir. 1988) (finding that non-diverse defendant was effectively voluntarily dismissed from the case where the plaintiff stipulated that it had no intention of ever serving the non-diverse defendant).  Furthermore, a plaintiff may abandon claims against a non-diverse defendant by preparing to proceed to trial without ever serving the non-diverse defendant.  *S. Pac. Co. v. Haight*, 126 F.2d 900 (9th Cir. 1942).  In *Haight*, the plaintiff announced that she was ready for trial without having served the resident defendants.  The Ninth Circuit found that the plaintiff voluntarily abandoned the joint character of the proceedings, with the result that the case could be removed.  *Id.*; *see also Insinga*, 845 F.3d at 255.

In order to demonstrate voluntary abandonment, "there need not be a formal dismissal of the non-diverse party," *Ramirez v. Michelin N.A., Inc.*, No. 07cv228, 2007 WL 2126635, at *3 (S.D. Tex. July 19, 2007), but the defendant must show "a definite or unequivocal expression of intent to discontinue the action against the resident party."  *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1510 (S.D. Ala. 1996); *see also Bourque v. Nan Ya Plastics Corp.*, 906 F. Supp. 348, 352 (M.D. La. 1995) ("The defendants can avoid remand of the case if

they can show that [the] plaintiff has voluntarily abandoned his claims against the non diverse defendants by clear and unambiguous acts.").

Plaintiff's course of conduct unequivocally has demonstrated voluntary abandonment of his claims against Bobby Daffin.  As of the date of the pretrial conference, less than a month before trial in state court, Plaintiff had not served Bobby Daffin.  Plaintiff had not *even attempted* to serve Bobby Daffin since early May of 2011.  This is despite an impending trial date and clear opportunities to effect service, such as Bobby Daffin's deposition in late November of 2011, which took place at Plaintiff's counsel's law office.  The omission of service on that date is a clear expression of intent to abandon pursuit of claims against Bobby Daffin.  Futhermore, Plaintiff's pretrial contentions, which were prepared for the pretrial order (reproduced in the notice of removal), assert no claims against him.  This is another expression of intent to discontinue the case against Daffin.  Finally, as if Plaintiff's actions pre-removal were not enough, Plaintiff essentially argues in support of remand that Husqvarna should have realized that Bobby Daffin was fraudulently joined earlier in the case.  (Mot. to Remand 2-3 ("Husqvarna has known since the filing of this case that the Plaintiff's claims against Defendant Daffin were defective . . . . The removing Defendant knew at the time the lawsuit was filed that the accident was not caused by the actions of the non-diverse Defendant.").)[1]

---

[1]  In fact, by making such an argument, Plaintiff, and Plaintiff's counsel, potentially have exposed themselves to sanctions under Rule 11(b), or at the very least, to an award to Husqvarna of its costs and fees for having to litigate the motion to remand.

In addition to constituting clear acts of voluntary abandonment, the Court also finds that remand is unwarranted because Plaintiff lacks a good faith intention to pursue his claims against Daffin.  *See Ramirez*, 2007 WL 2126635, at *3 n.8 (citing cases); *see also Davis v. Am. Med. Sec., Inc.*, 334 F. Supp. 2d 1292, 1293 (N.D. Ala. 2004) ("There is a countervailing principle that arguably prevents a plaintiff from avoiding a diversity removal if his failure to pursue a non-diverse defendant is deliberate and calculated.  Such a course of non-action might be described as a subterfuge or the belated equivalent of fraudulent joinder."); *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (stating that "'joinder is fraudulent if 'there is . . . no real intention in good faith to prosecute the action against the defendant or seek a joint judgment'" (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985))). Where the plaintiff's collective litigation actions, viewed objectively, clearly demonstrate a lack of good faith intention to pursue a claim to judgment against a non-diverse defendant, the court should dismiss the non-diverse defendant and retain jurisdiction over the case.  As the preceding paragraph makes clear, the non-service – indeed, the non-attempt of service since practically the inception of the case – was intentional.  Service on Bobby Daffin could have been achieved at his deposition *at Plaintiff's counsel's law office* with a minimum of effort.  The failure to attempt to serve Bobby Daffin is compounded by Plaintiff's pretrial submissions and correspondence, which also indicate that Plaintiff does not intend to pursue claims against Bobby Daffin at trial.  In addition, Plaintiff's argument in support of remand (conceding that no viable cause of action exists) indicates that Plaintiff will not pursue claims against Bobby Daffin in state court in the event of remand.  In *Davis*, Judge Acker

considered the plaintiff's post-removal attempt to serve the non-diverse defendant as evidence of a good faith pursuit of the plaintiff's claims.  334 F. Supp. 2d at 1293.  To the contrary, Plaintiff's unusual post-removal argument in favor of remand reveals and explains the lack of a good faith effort (both prior to removal and if the Court were to grant a remand) to pursue claims against Bobby Daffin to judgment.  Bobby Daffin is fraudulently joined because of Plaintiff's failure to pursue in good faith his claims against him.

## B.   <u>Jurisdictional Amount</u>

Section 1332(a) also requires that the "matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs . . . ."  *Id.*  Where the complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount as a substantive matter by a preponderance of the evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) ; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the jurisdictional requirement." (emphasis added)), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

To meet its substantive burden of establishing the amount in controversy by a preponderance of the evidence,[2] Husqvarna presents an email from Plaintiff's counsel wherein counsel states: "My client has authorized me to resolve this case for $375,000." (Doc. # 7-2.)  When considering a demand letter to establish the amount in controversy, the court should leave some room for posturing, but also should view the amount demanded as relevant evidence of the true amount in controversy.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something.").  Furthermore, the Eleventh Circuit has instructed the district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the removal evidence.  *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).  Combining the amount demanded, five times the jurisdictional amount, with the nature of Plaintiff's injuries, the Court concludes that Husqvarna has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## IV.  CONCLUSION

Because Plaintiff has abandoned and not pursued in good faith his claims against Bobby Daffin, and because the amount in controversy exceeds $75,000, it is ORDERED that

---

[2] Husqvarna contends that it discovered that the amount in controversy exceeded $75,000 prior to discerning that Bobby Daffin was fraudulently joined.  As the later-discovered condition of removability, Husqvarna need not comply with § 1446 and *Lowery*'s procedural requirements. In any case, settlement offers from the plaintiff's counsel constitute other paper received from the plaintiff.  *Lowery*, 483 F.3d at 1212 n.62 (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000)).  Furthermore, the demand letter in this case "unambiguously establishes" the amount in controversy.  *Id.* at 1213 & n.63.

8

Plaintiffs' Motion to Remand (Doc. # 5) is DENIED and Plaintiff's claims against Defendant

Bobby Daffin are DISMISSED with prejudice.

    DONE this 27th day of March, 2012.

/s/ Mark E. Fuller
_____
UNITED STATES DISTRICT JUDGE
